# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL W. WILLIAMS, Booking #7730675, Plaintiff, vs. S. COX, et al., Defendants. | Civil No. 08-1354 JAH (POR) **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AS BARRED BY 28 U.S.C. § 1915(g) AND DISMISSING CASE WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEES PURSUANT TO 28 U.S.C. § 1914(a)** **[Doc. No. 2]** |

Plaintiff, currently detained at the George Bailey Detention Facility and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint is far from clear but he appears to allege that various officials with the City of Chula Vista, including the Mayor and Chief of Police, have "committed crimes against [Plaintiff] for financial gain." (Compl. at 4.)

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed his Complaint, but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

////

////

## I.

## MOTION TO PROCEED IFP

### A. 28 U.S.C. § 1915(g)'s 'Three-Strikes" Provision

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

"In general, filing an action IFP is a privilege, not a right." *Rodriguez*, 169 F.3d at 1180. Thus, regardless of indigence, section 1915 bars any "person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program," 28 U.S.C. § 1915(h), from proceeding IFP:

> ... if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g); *Andrews*, 493 F.3d at 1049.

The objective of § 1915(g), also known as the "three strikes" provision, is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997). The Ninth Circuit has found that section 1915(g) does not violate a prisoner's right to access to the courts, due process or equal protection. *See Rodriguez*, 169 F.3d at 1179-81. Nor does it violate separation of powers principles or operate as an ex post facto law. *Id.* at 1181-82.

"In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g), and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005). However, a judge must "consider[] the

underlying court orders or mak[e] an independent assessment of whether the prior cases were frivolous or malicious or failed to state a claim" before denying the prisoner leave to proceed IFP pursuant to 28 U.S.C. § 1915(g), and should cite the specific case names, numbers, districts and dates of dismissal for each civil action it considers a "strike" or "prior occasion." *Id.* at 1121 (citing *Evans v. Illinois Dep't of Corrections*, 150 F.3d 810, 811-12 (7th Cir. 1998)).

**B. Application to Plaintiff's Litigation History**

The Court notes as an initial matter that Plaintiff has made "no plausible allegation ... that [he] "faced 'imminent danger of serious physical injury'" or an "ongoing danger" at the time he filed his complaint. *Andrews*, 493 F.3d at 1056. Thus, Plaintiff may not proceed IFP in this action if he has on three prior occasions while incarcerated had civil actions or appeals dismissed as frivolous, malicious or for failing to state a claim. 28 U.S.C. § 1915(g).

A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979). Here, the Court takes judicial notice that Plaintiff has already had three prior prisoner civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Williams v. San Diego Transit, et al.*, Civil Case No. 01-1784 L (LSP) (S.D. Cal. Jan. 18, 2002) (Order denying motion to proceed IFP and dismissing civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)) [Doc. No. 3] ("strike one"); *Williams v. City of Chula Vista, et al.*, Civil Case No. 01-1789 IEG (LAB) (S.D. Cal. Jan. 23, 2002) (Order denying motion to proceed IFP and dismissing civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1)) [Doc. No. 3] ("strike two"); and *Williams v. Big Bear and Mabee Properties, et al.*, Civil Case No. 01-1949 J (LAB) (S.D. Cal. Jan. 18, 2002) (Order denying motion to proceed IFP and dismissing civil action as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) [Doc No. 3] ("strike three").

///

Accordingly, because Plaintiff has, while incarcerated, accumulated three "strikes" pursuant to § 1915(g), and he did not allege facts sufficient to satisfy § 1915(g)'s "imminent danger of serious physical injury," exception at the time of filing, he is not entitled to proceed IFP in this action. *Andrews*, 493 F.3d at 1055 ("[Section] 1915(g) concerns only a threshold procedural question–whether the filing fee must be paid upfront or later."); *Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status").

## II.

## CONCLUSION AND ORDER

For the reasons set forth above, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP [Doc. No. 2] is **DENIED** as barred by 28 U.S.C. § 1915(g); and

(2) This action is **DISMISSED** without prejudice for failure to prepay the $350 filing fee mandated by 28 U.S.C. § 1914(a).

(3) Plaintiff if **GRANTED** forty five (45) days from the date this Order to pay the entire $350 filing fee. If Plaintiff fails to do so, this action shall remained closed without further Order of the Court.

DATED: August 11, 2008

JOHN A. HOUSTON
United States District Judge